## In re Host Enterprises

*Robert Lesko*, for appellant.

*M. Melvin Shralow*, contra.

MALIN, Chairman, May 2, 1972.—This is an appeal by Host Enterprises, Inc., from an order of the Department of Environmental Resources, Division of Water Supply and Sewerage, dated December 20, 1971, in response to application no. 2271102, denying a permit for construction of an indoor swimming pool in Swatara Township, Dauphin County.

### FINDINGS OF FACT

1. Host Enterprises, Inc. ("applicant") has filed an application for the construction of an indoor swimming pool as part of a motel resort to be known as Host Inn Harrisburg Motel which it is constructing.

2. The application was filed in August of 1971. Construction of the motel had begun in July 1971, and was approximately 65 percent completed at the time of the hearing in this matter.

3. Plans submitted as part of the application show that the pool will have a walk-way on one side of only

two feet in width, and will have two columns directly adjacent to the edge of the pool on the other side.

4. This configuration does not conform to Department guidelines which provide, in relevant part: "There shall be provided, completely around every swimming pool, a clear, unobstructed, paved walk or deck not less than four feet wide , . . . ."

5. Applicant has given no reasons why it could not have designed and built its pool in accordance with department guidelines.

6. Applicant was fully aware of department requirements at the time it designed and started construction of its facilities.

7. The guidelines are not unreasonable and their application in this case is not unreasonable.

## DISCUSSION

Permits for the construction of swimming pools are required by the Public Bathing Law of June 23, 1931, P. L. 899, as amended, 35 PS §672, et seq. Pursuant to that act, the Department of Environmental Resources has enacted regulations at chapter 193 of the rules and regulations of the Department. Section 193.41 of those regulations states:

"Construction, equipment, operation and maintenance at all bathing places shall be such as to reduce to a practical minimum the danger of injury to persons from drowning, falls, collisions, fires, nuisances or hazard of any kind."

Section 193.14 refers to the department's pamphlet, Public Bathing Place Manual, and states that it may be used as a guide for determining compliance with the regulations. Paragraph 2. 6. 8 of the Public Bathing Place Manual contains the language quoted in finding of fact no. 4 above, relating to an unobstructed four-foot walk around each swimming pool.

Representatives of the department testified that the guidelines were based upon considerations of safety and were fashioned after models promulgated by the American Public Health Association in conjunction with the United States Public Health Service. Applicant presented no evidence that the requirements were unreasonable, except to state that no known accidents had occurred at two other pools owned and operated by applicant, which pools also deviate from the guidelines.

The testimony shows that the earlier of these two pools was erected prior to publication of the department guidelines, and a variance was granted for construction of the second pool because the guidelines were then newly developed and applicant's construction project had progressed to the point where it was felt to be unfair to impose strict compliance on applicant.

The main thrust of applicant's position in this matter is that since it escaped compliance with department guidelines in two earlier cases, it would be unfair to make applicant comply in this third case. Carried to its logical conclusion, this argument would mean that applicant is forever free of complying with department guidelines. Obviously, such a position is unacceptable. Indeed, while we are not called upon to decide the propriety of the permit granted in the second case, it appears highly questionable for the department to have granted the permit out of sympathy for the engineer for the applicant and based on "a gentleman's agreement between two engineers" that it would not happen again. Since, in the present case, applicant was fully aware of these requirements and elected to begin its construction without complying, any burden now placed upon applicant is as a result of its own choosing.

## CONCLUSION OF LAW

The Department of Environmental Resources, Division of Water Supply and Sewerage, acted properly in denying application no. 2271102.

## ORDER

The appeal of Host Enterprises, Inc., from the order of December 20, 1971, is hereby dismissed.